962 F.2d 11
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES, Plaintiff/Appellee,
v.
Jeffrey FISHER, Defendant/Appellant.
 No. 91-3787.
 United States Court of Appeals, Seventh Circuit.
 Argued April 22, 1992.
Decided May 18, 1992.
As Amended May 20, 1992.
Rehearing and Rehearing En Banc
Denied Aug. 12, 1992.
 
 Before BAUER, Chief Judge, MANION, Circuit Judge, and KANNE, Circuit Judge.
 
 ORDER
 
 1
 Fisher pleaded guilty to mail fraud, 18 U.S.C. § 1341, and was sentenced under the Federal Sentencing Guidelines. Fisher appeals the district court's order to pay $94,114.67 in restitution and its refusal to allow a sentencing departure for substantially reduced mental capacity. U.S.S.G. § 5K2.13. We affirm.
 
 I. The Restitution Order
 
 2
 Under the Victim Witness Protection Act of 1982 ("VWPA"), 18 U.S.C. §§ 3663, 3664, a district court may order a defendant to compensate the victim of his offense. Although the decision to award restitution is generally within the district court's discretion, the court must comply with the "important substantive and procedural requirements" of the VWPA. United States v. Studley, 892 F.2d 518, 531 (7th Cir.1989).
 
 
 3
 One of these requirements is a balancing test which applies whenever the defendant "at least produces some evidence" showing an inability to pay restitution. United States v. Mahoney, 859 F.2d 47, 49 (7th Cir.1988). After the defendant meets this burden of production, the judge must consider " the amount of loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3664(a); United States v. Peden, 872 F.2d 1303, 1311 (7th Cir.1989).
 
 
 4
 Fisher alleges that the district court neglected this balancing test. He argues (1) that the district court never discussed the factors and (2) that, given the relevant factors, the district court's opinion was irrational. Both of these claims are meritless.
 
 
 5
 A. The Court Considered the Necessary Factors.
 
 
 6
 Fisher contends that the district court violated 18 U.S.C. § 3664(a) by awarding restitution without considering his ability to pay. Whether the court considered the necessary factors is a question of law which we decide de novo. United States v. Angelica, 951 F.2d 1007, 1009 (9th Cir.1991). When assessing the court's opinion, we first look for any formal discussion of the factors. McClellan, 868 F.2d at 212; Mahoney, 859 F.2d at 49. If the factors were not specifically addressed, and the district court awarded full restitution, we may still uphold the order if the judge implicitly considered them. See United States v. Fox, 941 F.2d 480, 484 (7th Cir.1991), cert. denied, 117 L.Ed.2d 43 (1992); United States v. McClellan, 868 F.2d 210, 212 (7th Cir.1989).
 
 
 7
 In Fisher's case, the judge mentioned the relevant issues on the record. After hearing Fisher's evidence about his financial condition, the court discussed the balancing test and the potential hardship to Fisher's family. (sentencing transcript at 99). It then awarded full restitution because Fisher's salary of $63,853.00 in 1989 "shows the capacity and ability to earn income sufficient over a period of time to make restitution." (sentencing transcript at 116). This discussion certainly meets the statutory requirements.
 
 
 8
 B. The Judge Did Not Abuse His Discretion by Ordering Restitution.
 
 
 9
 Fisher also argues that the court acted irrationally when it ordered full restitution. Fisher contends that his "debts were great and his financial resources small" and that paying the order is a "virtual impossibility." For claims like this, where a defendant challenges a court's discretionary decision, and not its adherence to the law, we review only for an abuse of discretion. Mahoney, 859 F.2d 49; Angelica, 951 F.2d at 1009. "A sentence which is within the limits established by the statute under which it is imposed will not be vacated upon review unless the sentencing judge relied upon improper considerations or unreliable information in exercising his discretion or failed to exercise any discretion at all in imposing the sentence. [citations omitted]" Mahoney, 859 F.2d at 49.
 
 
 10
 It is exceptionally difficult to prove an abuse of discretion in a case where a judge awards full restitution. This circuit has upheld restitution awards against impoverished defendants noting that "indigency is [not] a defense, only ... a factor which the judge is required to take into account." United States v. Fountain, 768 F.2d 790, 802 (7th Cir.1985), cert. denied, 475 U.S. 1124 (1986). "[T]he VWPA does not necessarily require full satisfaction of the defendant's obligation to his dependents before awarding any sum to the victims." United States v. Gomer, 764 F.2d 1221, 1223 (7th Cir.1985).
 
 
 11
 Following this standard, this court affirmed a $50,000 restitution order against two life term prisoners without any net worth. Fountain, 768 F.2d at 793. The district court had found that defendants could possibly earn substantial profits by selling their stories to the media. Id. We held that this remote possibility of future income was a proper basis for awarding restitution beyond "the defendants' present foreseeable ability to pay." Id. at 803; see also McClellan, 868 F.2d 210.
 
 
 12
 The Tenth Circuit proceeded similarly in a case more analogous to Fisher's. United States v. Rogat, 924 F.2d 983, 985 (10th Cir.), cert. denied, 111 S.Ct. 1637. In Rogat, the defendants, who were the parents of four minor children, had a negative net worth of $185,000 and a negative monthly cash flow of $1000. Id. at 984. Despite this dismal financial situation, the district court imposed restitution of $2,449,142. Id. The Tenth Circuit upheld the award because there was "some evidence that the appellants [could] satisfy the order." Id. at 986. The Rogats possessed "significant [future] earning capacity" because of their education and talent. Id.; accord United States v. Morrison, 938 F.2d 168, 171 (10th Cir.1991).
 
 
 13
 Fisher, like the defendants in Rogat, lacks the present ability to fulfill the restitution order, but possesses skills which may enable him to pay in the future. As in Rogat, Fisher and his wife are well-educated professional people who earned substantial salaries in the past. Considering this, the court did not abuse its discretion by ordering full restitution.
 
 
 14
 II. The Sentencing Departure for Reduced Mental Capacity
 
 
 15
 Fisher also challenges the district court's refusal to depart downward from the guideline range of 15 to 21 months. Fisher claims that he suffers from compulsive gambling disorder and requests a downward departure under U.S.S.G. § 5K2.13, a section allowing departures for defendants who commit "a non-violent offense[s] while suffering from significantly reduced mental capacity[1]." We lack jurisdiction to review his claim.
 
 
 16
 Appellate jurisdiction over sentencing decisions is limited to sentences (1) "imposed in violation of the law," (2) "imposed as a result of an incorrect application of the sentencing guidelines," (3) "greater than the sentence specified in the sentencing guidelines," or (4) "plainly unreasonable" and "imposed for an offense for which there is no sentencing guideline." 18 U.S.C. § 3742(a).
 
 
 17
 Thus, unless an appellant alleges that a district court's refusal to depart violates the law or the guidelines, appellate courts lack jurisdiction over the appeal. United States v. Franz, 886 F.2d 973, 981 (7th Cir.1989). An appellate court may never review a refusal which simply "reflects an exercise of the judge's discretion." United States v. Poff, 926 F.2d 588, 590 (7th Cir.1991) (en banc). It may, however, exercise jurisdiction if "the decision not to depart is the product of a conclusion that the judge lacks authority to depart." See Id.
 
 
 18
 In Fisher's case, the district court never indicated that it lacked the authority to depart. Compare United States v. Hamilton, 949 F.2d 190, 193 (6th Cir.1991) (appellate court has jurisdiction where district court specifically found that § 5K2.13 did not encompass compulsive gambling). It, instead, found that Fisher's problem was not severe enough to warrant a departure. The court stated:
 
 
 19
 How do you define significantly reduced mental capacity? That's what we've got to find here. Now, we know that loads and loads of people suffer from recognized mental disorders, one kind or another, and many times incarceration is not productive. But all of those are beside the point, It's a question of whether or not Mr. Fisher's action were committed while suffering from significantly reduced mental capacity.
 
 
 20
 Now throughout all this time, he's running a business, he's selling insurance, he's making $63,800.00 in 1989. He's going to all these activities. He's keeping the balls up in the air.... The question is, is it a significantly reduced mental capacity caused by this.
 
 
 21
 Well, my conclusion is that it does not rise to that degree....
 
 
 22
 (Sentencing Transcript at 118-119). Because Fisher did not suffer from significantly reduced mental capacity, the court noted that the guidelines would not cover his case. (Sentencing Transcript at 119, 124-25).
 
 
 23
 The judge, therefore, made a discretionary decision that Fisher's case did not warrant departure. Because we lack jurisdiction over such claims, we must AFFIRM.
 
 
 
 [1]
 The full text of the section reads:
 If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public.
 U.S.S.G. § 5K2.13.