**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Bruce Howard ROGAT and Margo Kay Rogat, Defendants–Appellants.**

**Nos. 90–1052, 90–1053.**

United States Court of Appeals, Tenth Circuit.

Jan. 29, 1991.

---

Vicki Mandell–King (Michael G. Katz, Federal Public Defender, with her on the brief), Asst. Federal Public Defender, for defendants-appellants.

Kenneth R. Fimberg (Michael J. Norton, U.S. Atty., with him on the brief), Asst. U.S. Atty., for plaintiff-appellee.

Before LOGAN, and TACHA, Circuit Judges, and GREENE, District Judge.*

* Honorable J. Thomas Greene, United States District Judge for the District of Utah, sitting by

TACHA, Circuit Judge.

Defendants-appellants Margo Kay Rogat and Bruce Howard Rogat appeal from a district court order requiring them to pay $2,449,142.48 in restitution. They contend the order constituted an abuse of discretion because the court failed to adequately consider their current indigency. We affirm.

The appellants pleaded guilty to various fraud charges. Margo Rogat pleaded guilty to four misdemeanor counts. She received a sentence of six months' imprisonment and five years' probation. Bruce Rogat pleaded guilty to two felony counts. He received a sentence of three years' imprisonment and five years' probation, but his sentence was deferred until his wife completed her term of imprisonment. The appellants remain liable for restitution until their probation periods expire.

The charges arose from the appellants' conduct of two related businesses between 1981 and 1988. Their prepaid sales of adjustable hospital-type beds to 1,217 individuals, who received neither the beds nor any refund, amounted to $2,449,142.48. The appellants do not contest the number of victims or the amount of the loss.

The dispute focuses on the appellants' ability to pay the amount of restitution ordered. Their average adjusted gross income from 1983 to 1986 was $122,704. The presentence reports indicate the appellants' total net worth is negative $185,000. The appellants have four dependent children, one of whom has cerebral palsy. Their current combined monthly salary is $2,000 and their monthly living expenses are $2,943. At the time the presentence reports were compiled, the appellants had established a new advertising and sales business.

The appellants first argue that in light of their current and projected inability to pay the amount ordered, the district court abused its discretion by requiring full restitution. We review the district court's factual findings underlying the restitution

designation.

order under a clearly erroneous standard. *United States v. Teehee,* 893 F.2d 271, 273–74 (10th Cir.1990). We review the amount of the restitution order for an abuse of discretion. *United States v. Richard,* 738 F.2d 1120, 1122 (10th Cir.1984).

The Victim and Witness Protection Act (VWPA), 18 U.S.C. §§ 3663–64, contains the requirements governing restitution orders. In determining whether to order restitution and the appropriate amount thereof, a sentencing court "shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." *Id.* § 3664(a). This statute also provides:

> Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government. The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant and such defendant's dependents shall be on the defendant.

*Id.* § 3664(d).

Although a defendant's indigency is not a bar to restitution, *United States v. Sunrhodes,* 831 F.2d 1537, 1546 (10th Cir.1987), we will not uphold the district court's exercise of discretion absent any evidence the defendant is able to satisfy the restitution order, *United States v. Clark,* 901 F.2d 855, 857 (10th Cir.1990). In *Clark,* the district court ordered a defendant to pay $153,762 in restitution immediately. The only evidence of the defendant's financial condition was a presentence report indicating a negative monthly cash flow of $249. *Id.* Based on this evidence, we vacated the district court's order as an abuse of discretion. *Id.*

▮ A restitution order will be upheld if the evidence indicates a defendant has some assets or earning potential and thus possibly may be able to pay the amount ordered. The Fifth Circuit, for example, affirmed a $250 per week restitution order against an electrician with a present earning ability of $500 per week because he had a "viable trade and good employment prospects." *United States v. Paden,* 908 F.2d 1229, 1237 (5th Cir.1990). In *United States v. McClellan,* 868 F.2d 210, 213 (7th Cir. 1989), the Seventh Circuit upheld a restitution order of over $650,000 against a physician who, despite his current bankruptcy and low income, had "tremendous earning potential."

The possibility of repayment, however, cannot be based solely on chance. For example, in vacating a restitution order in *United States v. Mitchell,* 893 F.2d 935, 936 n. 1 (8th Cir.1990), the Eighth Circuit rejected the prosecutor's argument that the defendant might win the lottery. Similarly, the Seventh Circuit vacated an order requiring an indigent farmer to repay $32,600 by the date he was scheduled to be released from prison because he could not raise that amount while in prison. *United States v. Studley,* 892 F.2d 518, 532–33 (7th Cir.1989). *But cf. United States v. Ryan,* 874 F.2d 1052, 1054 (5th Cir.) (restitution order of over two million dollars payable within five years of release from prison upheld because "defendant's financial situation may well change in the future, making him able to pay some if not all the restitution"), *cert. denied,* 489 U.S. 1019, 109 S.Ct. 1138, 103 L.Ed.2d 199 (1989).

The record in this case supports the district court's restitution order. The district judge considered the appellants' needs and earning ability as required by the VWPA. He indicated he was aware of the uncontested representations regarding their current financial status. Before sentencing, the judge stated, "I'm sure I have got everything in mind, if it's in the Probation Department's reports." These reports contain the financial information upon which the appellants now rely. The judge also conferred with the appellants' probation officer during the sentencing hearing. The judge further remarked, "It's obvious to

the Court that it's unlikely the defendants may be able to repay this all very soon...." This fact would be obvious only to one familiar with the appellants' financial situation. Balanced against the appellants' current indigency, the court found "the defendants both very able, intelligent, well-educated, talented business people, who do have substantial capacity to earn money now or in the future, and, therefore, do have ability to make restitution." We cannot find these factual conclusions clearly erroneous.

Given these facts, we hold the district judge did not abuse his discretion in ordering full restitution. The record here satisfies the requirement in *Clark* of some evidence the appellants can satisfy the order. *See Clark*, 901 F.2d at 855. Also, the order does not require immediate payment as in *Clark*. *See id.* Nor does it require payment before the appellants leave prison as in *Studley*. *See Studley*, 892 F.2d at 531 n. 11. This case most closely resembles *Paden* and *McClellan*, because the appellants have demonstrated a significant earning capacity. *See Paden*, 908 F.2d at 1237; *McClellan*, 868 F.2d at 213.

■ The appellants also contend the VWPA requires a district court to state specifically that the appellants failed to show by a preponderance of the evidence that they could not satisfy the restitution order. We disagree. The statute requires only that a sentencing judge consider the defendant's financial condition; the judge need not specifically recite his findings regarding that condition. *See, e.g., Ryan*, 874 F.2d at 1053; *United States v. Atkinson*, 788 F.2d 900, 902 (2d Cir.1986). When there is substantial ambiguity as to whether the judge considered the statutory factors, specific factual findings in the record may be required for effective appellate review. *See, e.g., United States v. Hill*, 798 F.2d 402, 406–07 (10th Cir.1986); *United States v. Palma*, 760 F.2d 475, 480 (3d Cir.1985). Here, however, the record contains detailed information regarding the appellants' financial condition. The record also clearly indicates the district court weighed the appellants' financial condition

and other statutory factors in resolving the dispute as to the proper amount of restitution, as the statute requires. *See* 18 U.S.C. § 3664(a), (d).

We hold the district court's finding that the appellants have the capacity to earn substantial amounts of money is not clearly erroneous. We also find the court considered the appellants' earning capacity and their financial status as required by the VWPA. The time-limited order of restitution was within the realm of possibility and therefore did not constitute an abuse of discretion. Finally, we conclude the VWPA does not require a district court to state the appellants failed to show by a preponderance of the evidence they could not satisfy the restitution order. We AFFIRM.