**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Marvin J. MORRISON,**
**Defendant–Appellant.**

**No. 90–1364.**

United States Court of Appeals,
Tenth Circuit.

July 2, 1991.

Norman R. Mueller of Haddon, Morgan & Foreman, Denver, Colo., for defendant-appellant.

James P. Moran, Asst. U.S. Atty. (Michael J. Norton, U.S. Atty., with him on the brief), Denver, Colo., for plaintiff-appellee.

Before McKAY, BARRETT and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

Defendant Marvin J. Morrison pleaded guilty to two counts of mail fraud in violation of 18 U.S.C. § 1341, and two counts of willful failure to file an income tax return in violation of 26 U.S.C. § 7203. The district court sentenced defendant to twelve years in prison and ordered him to pay

restitution under 18 U.S.C. § 3663,[1] the Victim and Witness Protection Act. Defendant now appeals, arguing that because he continued to engage in criminal activities after the effective date of the United States Sentencing Guidelines, he should have been sentenced under the guidelines. He further contends that the district court failed to consider his ability to pay in imposing the restitution order. We affirm.

## I

Defendant committed his crimes in connection with a fraudulent commodity futures trading scheme. Over a five year period, he obtained money from investors to trade commodity futures on their behalf. Instead of executing such trades, defendant diverted much of the money to his own use. He used the mail to perpetrate this scheme. Counts one and two charged that defendant was involved in a mail fraud scheme between January 1982 and October 1987. Defendant also failed to file income tax returns for calendar years 1985 and 1986. Counts three and four charged him with willfully failing to pay his income taxes for these years.

Defendant pleaded guilty to all four counts. Because the crimes, as charged, all occurred before the November 1, 1987, effective date of the sentencing guidelines, the district court did not apply the guidelines in sentencing defendant. The district court sentenced defendant to a total of twelve years imprisonment: two consecutive five year terms on the mail fraud offenses, and two consecutive one year terms on the tax offenses.

After he was sentenced, defendant filed a Fed.R.Crim.P. 35(a) motion with the district court, arguing that the information incorrectly characterized his crimes as occurring solely before the effective date of the guidelines, and that application of the guidelines would result in the imposition of a much shorter prison sentence.[2] The dis-

trict court rejected these arguments and refused to resentence defendant under the guidelines.

▆ As to the income tax convictions, defendant argues on appeal that "until February 1988, when his commodity futures trading company was closed, Defendant expected to pay back his investors and did not consider any investor funds to be taxable income." Opening Brief of Defendant–Appellant at 4. Thus, according to defendant, he did not willfully fail to report his investor's funds as taxable income until 1988. This argument is frivolous. These offenses occurred when defendant willfully failed to pay taxes "at the time or times required by law...." 26 U.S.C. § 7203. Thus, these crimes occurred on April 15, 1986, and April 15, 1987, the filing deadlines for defendant's 1985 and 1986 calendar year tax returns.

▆ Defendant's contention that he should have been sentenced under the guidelines on the mail fraud convictions raises a closer question of law. The guidelines "apply only to offenses committed after" November 1, 1987. Sentencing Act of 1987, Pub.L. No. 100–182, § 2(a), 101 Stat. 1266 (1987). Although this language is somewhat ambiguous, the courts agree that the guidelines apply to "straddle" crimes: continuing offenses "in which acts comprising the crime occur both before and after the effective date of the Guidelines." *United States v. Bakker*, 925 F.2d 728, 739 (4th Cir.1991). *See also United States v. Williams*, 897 F.2d 1034, 1040 (10th Cir. 1990) (Guidelines applied to conspiracy beginning before but continuing after November 1, 1987), *cert. denied,* —— U.S. ——, 111 S.Ct. 2064, 114 L.Ed.2d 469 (1991).

In the instant case, the government concedes that the mail fraud continued after

---

**1.** The court's restitution order was entered under 18 U.S.C. § 3579 (1982). Section 3579 has been renumbered 18 U.S.C. § 3663.

**2.** "Defendant calculated that the highest possible offense level applicable to him [under the guide-

lines] was 16. With defendant falling within criminal history category I, the applicable guideline range was 21 to 27 months." Opening Brief of Defendant–Appellant at 5.

November 1, 1987.[3] Nevertheless, defendant pleaded guilty to a mail fraud scheme ending before that date. In dicta, the Fourth Circuit has suggested that the guidelines must be applied in imposing sentence in such a case. *See Bakker*, 925 F.2d at 739 ("[U]sing the ending date of an indictment as the determinant of Guidelines applicability could allow the government [improperly] to manipulate whether a defendant was sentenced under the Guidelines simply by choice of ending date."). *But cf. United States v. Tharp*, 892 F.2d 691, 693 (8th Cir.1989) (suggesting that government might be able to render guidelines inapplicable by charging that conspiracy ended before November 1, 1987). We need not determine whether we would agree with the *Bakker* court dictum in some other case; we reject its application to the case at hand.

■ Defendant does not argue that the government's decision to charge him with a mail fraud scheme ending before November 1, 1987, violated any constitutional constraints. *See Wayte v. United States*, 470 U.S. 598, 607–08, 105 S.Ct. 1524, 1530–31, 84 L.Ed.2d 547 (1985) (prosecutor has broad discretion in deciding what charge to file). Rather, he admits in his brief that the information, which indicates that defendant's mail fraud scheme terminated before the guidelines' effective date, resulted from a pre-indictment plea agreement. Opening Brief of Defendant–Appellant at 13.[4] By pleading guilty, defendant admitted that he committed the offense charged,

namely, a mail fraud scheme ending in October 1987. He cannot now challenge the factual basis of the charge to which he pleaded guilty. *United States v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989). "If [defendant] disagreed with the dates of the [scheme], he should have attempted to negotiate a change in the plea agreement." *United States v. Edgecomb*, 910 F.2d 1309, 1312 (6th Cir.1990). Accordingly, the district court committed no error when it sentenced defendant under pre-guideline standards.

## II

■ Defendant also appeals the district court's order requiring him to pay $613,765 in restitution under 18 U.S.C. § 3663, the Victim and Witness Protection Act (VWPA).[5] He argues that the district court failed to consider his ability to pay as required by 18 U.S.C. § 3664(a).

The district court judge who sentenced defendant, in considering defendant's Rule 35(a) motion raising this issue, responded: "Although the court in the present case did not make any specific findings regarding defendant's ability to pay restitution, the transcript of the Sentencing Hearing makes it clear that this factor was considered by the court." Appellant's App. at 106. The judge then cited several parts of the transcript in which defendant's financial situation and employment prospects were discussed. *Id.* at 106–07. This is sufficient to comply with § 3664(a). *See United States v. Rogat*, 924 F.2d 983, 986

---

3. On appeal, the government does not contest the district court's determination that mail fraud is a continuing offense capable of straddling the effective date of the guidelines. *See* Appellant's App. at 98–99. There is authority to the contrary. *See Bakker*, 925 F.2d at 739. *But see United States v. Angelica*, 859 F.2d 1390, 1393 (9th Cir.1988).

4. Defendant explains that he entered his plea before courts determined that the guidelines applied to straddle crimes. If defendant means to attack his plea by this assertion, his efforts are fruitless. "[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Brady v. United States*,

397 U.S. 742, 757, 90 S.Ct. 1463, 1473, 25 L.Ed.2d 747 (1970).

5. The court initially ordered defendant to pay $2,717,496.81 in restitution to eighty-eight victims of the mail fraud scheme. *See* Appellant's App. at 23–25 (district court's restitution order of Dec. 8, 1988). In response to defendant's Rule 35(a) motion, however, the court determined that restitution under the VWPA could only be awarded for losses suffered by victims named in the indictment resulting in conviction. *See* Appellant's App. at 102–04 (district court's order of Nov. 30, 1990). Accordingly, the court amended its judgment, ordering defendant to pay a total of $613,765 in restitution to the six victims named in the information on which defendant was convicted. *Id.* at 104, 107.

172

(10th Cir.) (The VWPA "requires only that a sentencing judge consider the defendant's financial condition; the judge need not specifically recite his findings regarding that condition."), *cert. denied,* — U.S. —, 111 S.Ct. 1637, 113 L.Ed.2d 732 (1991).

If we construe defendant's challenge as an argument that the district court abused its discretion in making a finding of his ability to pay, we still must affirm. *See United States v. Teehee,* 893 F.2d 271, 273–74 (10th Cir.1990) (district court's factual findings underlying restitution order reviewed for clear error); *Rogat,* 924 F.2d at 985 (amount of restitution order reviewed for abuse of discretion).

A defendant bears the burden of establishing his inability to make restitution. *See* 18 U.S.C. § 3664(d). The instant defendant has not met this burden. Although he currently has a negative monthly cash flow, and his assets have been seized in connection with a related civil action, such characteristics do not necessarily establish an inability to pay. *See Rogat,* 924 F.2d at 984, 986 (affirming district court restitution order requiring payment of $2,449,142.48 though defendant had a negative net worth of $185,000 and a negative monthly cash flow). The presentence report shows that defendant has a college degree in petroleum engineering and has successfully operated numerous supermarkets and convenience stores. His mail fraud scheme shows he has imagination and skills of persuasion, that might be applied to endeavors that are legal. Moreover, he has expressed a sincere desire to make full restitution. Finally, the restitution order is time-limited, giving defendant five years after his release from prison to make restitution; the order will terminate then, if by his good faith efforts defendant is unable to complete payment. *See id.* at 986. The order is within the realm of possibility. We hold the district court did not abuse its discretion in making the restitution order.

AFFIRMED.