12 F.3d 215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Jay HUNTER, III, Defendant-Appellant.
 No. 93-3252.
 United States Court of Appeals, Sixth Circuit.
 Dec. 3, 1993.
 
 Before: MILBURN and BATCHELDER, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Appellant appeals the portion of his sentence requiring that he pay restitution. Appellant entered guilty pleas to six counts of a ten-count Information charging violations of 18 U.S.C. Sec. 2113(a), unarmed bank robbery. The district court imposed a sentence of ninety-two months and ordered restitution in the amount of $11,339.00. This amount includes losses stemming from four counts which were dismissed as part of the plea agreement. We affirm in part, reverse in part, and remand for resentencing.
 
 
 2
 * Appellant argues that the district court abused its discretion in imposing an order of restitution when there was no evidence that appellant would ever be able to pay such restitution. Appellant also argues that it was erroneous for the district court to include in the restitution order sums which stem from counts dismissed in the plea agreement. The Government contends that because the Appellant failed to object at the time of sentencing to any aspect of the order of restitution, these objections may now be reviewed only for plain error and that the order of restitution, to the extent that it encompassed the six counts of conviction, was not plain error. The Government concedes that it was error for the district court to include in the restitution order amounts which stem from dismissed counts of the information.
 
 
 3
 The record reflects that the appellant did not make any objection to the order of restitution at the time he was sentenced. Accordingly, we review these assignments of error, not for abuse of discretion as the appellant asks, but for plain error. United States v. Nagi, 947 F.2d 211, 213 (6th Cir.1991); United States v. Sloman, 909 F.2d 176, 182 (6th Cir.1991).[1]
 
 II
 
 4
 The district court ordered restitution under 18 U.S.C. Sec. 3664(a) which provides:
 
 
 5
 The court, in determining whether to order restitution under section 3663 of this title and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.
 
 
 6
 Appellant argues that the district court failed to consider his present or future ability to pay an order of restitution. Appellant concedes that this Court has specifically held that "indigency is not a bar to an order of restitution," United States v. Purther, 823 F.2d 965, 970 (6th Cir.1987), and that a "defendant's ability to pay is only one factor to be considered in an order of restitution." United States v. Miller, 900 F.2d 919, 925 (6th Cir.1990). Several circuits have also held that restitution properly may be based upon a defendant's future earning capacity.[2] Appellant argues, however, that the record, including the presentence report, does not contain any evidence of his ability to make restitution, and the sentencing judge did not make any findings in regard to that factual issue. Therefore, appellant concludes, the sentencing judge either abused his discretion by failing to consider appellant's financial condition or committed clear error by finding, without making any specific findings on the record, that appellant's financial condition would support an order of restitution.
 
 
 7
 We note first that the presentence report indicates that the appellant had at least a high school education, had above-average intelligence and had a considerable record of gainful employment; the district court was therefore entitled to conclude that under the circumstances of this case appellant's current financial situation should not be the determining factor in regard to an order of restitution, that appellant had the potential to become gainfully employed, and that restitution was appropriate in the event appellant ever acquired the resources with which to pay it. We find that this Court's holding that "the record must contain some indication that the sentencing court considered the defendant's financial condition in ordering restitution," Purther, 823 F.2d at 969 (citing United States v. Durham, 755 F.2d 511 (6th Cir.1985), is satisfied by the specific findings in the presentence report as to appellant's education and employment and its specific recommendation of restitution. Id. at 25. Strict adherence to the Purther standard is not required where, as here, the appellant failed to object or to argue or, indeed, to mention financial condition in the proceedings below.[3] If the district court erred, this is not an error which " 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings ...' " United States v. Olano, 113 S.Ct. 1770, 1779 (1993). It was not plain error for the district court to enter an order requiring restitution.
 
 
 8
 Appellant suggests in his argument that the failure of the sentencing court to make specific findings as to his future ability to pay restitution, combined with the failure of the court to order any delay in that payment, require that the restitution order be vacated without remand. This argument is wholly without merit. However, 18 U.S.C. Sec. 3663(f)(3) provides: "If not otherwise provided by the court under this subsection, restitution shall be made immediately." The restitution order in this case does not contain any provision delaying payment, and the record does demonstrate that appellant does not have the current ability to make restitution. This error would not require a reversal of the order of restitution under any standard; had appellant timely objected, he would have been entitled, at best, to a remand to permit the district court modify the order to provide for a delay in payment. However, because we find that the sentencing order must be remanded on other grounds, we instruct the district court to specify, pursuant to Sec. 3663(f)(3), the time within which payment of restitution is to be made.
 
 III
 
 9
 Appellant's second assignment of error is that the district court was not permitted to include in the order of restitution losses which stem from counts which were dismissed. The Government concedes that the restitution order included amounts that were the subject of dismissed counts and that under the reasoning and authority of Hughey v. United States, 495 U.S. 411, 110 S.Ct. 1979 (1990), and case precedent from the Sixth Circuit, United States v. Streebing, 987 F.2d 368, 373-4 (6th Cir.1993); United States v. Jewett, 978 F.2d 248 (6th Cir.1992), inclusion of those amounts was error.
 
 
 10
 We find that the parties are correct. Further, we hold that the inclusion of these amounts was plain error and that the order of restitution must be vacated and remanded.
 
 IV
 
 11
 Accordingly, we affirm the district court's order that restitution be made; we vacate the order as to the amount of restitution and remand this matter with instructions to the district court to resentence appellant to make restitution in an amount not to exceed the sum of the losses included in the counts of conviction and to consider whether appellant should be permitted to make such restitution within a specified period of time or in specified installment, pursuant to 18 U.S.C. Sec. 3663(f).
 
 
 
 *
 The Hon. Charles W. Joiner, Senior District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 We see no reason why this principle should not extend to orders of restitution, and at least two circuits have specifically held that it does. United States v. Mizyed, 927 F.2d 979, 982 (7th Cir.), cert. denied, 111 S.Ct. 2065 (1991); United States v. Cloud, 872 F.2d 846 (9th Cir.1989)
 
 
 [2]
 See United States v. Rogat, 924 F.2d 983 (10th Cir.1991); United States v. Paden, 908 F.2d 1229, 1237 (5th Cir.1990); United States v. McClellan, 868 F.2d 210, 213 (7th Cir.1989); United States v. Brown, 744 F.2d 905, 911 (2d Cir.1984)
 
 
 [3]
 As the Government points out, appellant's failure to object likely resulted in the deficiency in the record about which appellant now complains