33 F.3d 62
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Toni Leigh BACUS, Defendant-Appellant.
 No. 93-6431.
 United States Court of Appeals, Tenth Circuit.
 Aug. 23, 1994.
 
 Before SEYMOUR, MOORE, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Toni Leigh Bacus appeals a district court order directing her to immediately pay $55,183.46 in restitution. We vacate the restitution order and remand for further proceedings consistent with this opinion.
 
 I.
 
 2
 In September of 1993, Ms. Bacus pled guilty to a two-count information charging her with embezzling money from her former employer, Union Bank of Oklahoma City, in violation of 18 U.S.C. 656, and with unlawfully possessing cocaine, in violation of 21 U.S.C. 844. The district court ordered a presentence investigation, which revealed that Ms. Bacus embezzled a total of $55,183.46 from Union Bank between September of 1992 and March of 1993 to finance a cocaine addiction.
 
 
 3
 Prior to sentencing, a United States Probation Officer prepared a report that summarized Ms. Bacus's employment history and financial condition. According to the presentence report, Ms. Bacus was employed by Union Bank from 1978 until March of 1993. At the time her employment was terminated, she worked as an assistant cashier at an annual salary of $23,000. Since May of 1992, she also worked as a computer entry clerk at an automotive store. In October of 1993, when the report was submitted to the court, Ms. Bacus worked thirty-five hours a week and earned $5.00 an hour.
 
 
 4
 The presentence report listed the total value of the assets held by Ms. Bacus to be $18,300. Of this amount, $15,000 constituted equity in a residence owned jointly with her husband, where they resided with their two minor children. The report calculated the Bacuses' total monthly income to be $2773.00 and their total necessary monthly expenses to be $2176.00. Thus, according to the report, Ms. Bacus and her husband had a monthly positive cash flow of $597.00.[2]
 
 
 5
 On the basis of this financial information, the presentence report concluded, "The defendant has the capacity to earn more than she is currently earning. Based on her past income and her current financial condition, it appears that she could make restitution payments in the future." Rec., vol. III, at 9 (emphasis added). Ms. Bacus objected to this conclusion, stating that the report did not consider the difficulties in obtaining employment that she would encounter as a result of her convictions.
 
 
 6
 After considering the presentence report and the arguments of counsel, the district court sentenced Ms. Bacus to six months incarceration and thirty-six months supervised release on the embezzlement charge. The court sentenced her to six months incarceration and twelve months supervised release on the cocaine charge and ordered both terms of incarceration and release to be served concurrently. The district court also ordered Ms. Bacus to pay $55,183.46 in restitution and $75.00 in special assessments.
 
 
 7
 In announcing the sentence from the bench, the district court did not specify whether the restitution payment was due immediately, due at some future date, or payable in installments. However, in the restitution section of the judgment form, an "x" was typed next to the printed phrase, "Restitution shall be paid in full immediately." The district court made no factual findings as to Ms. Bacus's ability to pay this amount.
 
 II.
 
 8
 We review the amount of a restitution order for an abuse of discretion. United States v. Williams, 996 F.2d 231, 233 (10th Cir.1993); United States v. Rogat, 924 F.2d 983, 985 (10th Cir.), cert. denied, 499 U.S. 982 (1991). Factual findings underlying restitution orders are reviewed under the clearly erroneous standard. Williams, 996 F.2d at 232-33; Rogat, 924 F.2d at 984-85. In this case, in the absence of factual findings by the district court, we must determine whether ordering Ms. Bacus to immediately pay $55,183.46 in restitution constituted an abuse of discretion.
 
 
 9
 The requirements for restitution orders are set forth in 5E1.1 of the United States Sentencing Guidelines (U.S.S.G.) and the Victim and Witness Protection Act (VWPA), 18 U.S.C. 3663-3664. Section 5E1.1(a)(1) provides that the court "shall enter a restitution order if such an order is authorized under [the VWPA]." However, restitution need not be ordered "to the extent the court determines that the complication and prolongation of the sentencing process resulting from the fashioning of a restitution requirement outweighs the need to provide restitution to any victims through the criminal process." U.S.S.G. 5E1.1(b).
 
 
 10
 The VWPA requires a district court to consider the following factors in determining whether, and in what amount, to order restitution:
 
 
 11
 the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.
 
 
 12
 18 U.S.C. 3664(a).
 
 
 13
 The VWPA also sets forth the evidentiary standards for determining disputed issues regarding restitution orders:
 
 
 14
 Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government. The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant and such defendant's dependents shall be on the defendant. The burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires.
 
 
 15
 18 U.S.C. 3664(d).
 
 
 16
 Interpreting these provisions, we have noted that the VWPA presents the district court with four options regarding restitution orders. The court may: (1) order restitution to be paid immediately; (2) order restitution to be paid within a specified time or in specified installments; (3) order the defendant, in lieu of restitution or in conjunction with it, to perform services for the benefit of the victim under U.S.S.G. 5E1.1(c); or (4) decline to impose restitution pursuant to U.S.S.G. 5E1.1(b) and 18 U.S.C. 3663(d). United States v. Clark, 901 F.2d 855, 856-57 (10th Cir.1990).
 
 
 17
 In determining whether a district court's restitution order constitutes an abuse of discretion we consider, inter alia, "whether the defendant actually had assets available to pay the restitution, or, even if no assets exist, whether there is sufficient 'earning potential' or 'earning ability' to create an objectively reasonable possibility that the restitution can be paid." Williams, 996 F.2d at 233 (citing United States v. McIlvain, 967 F.2d 1479, 1481 (10th Cir.1992); United States v. Grimes, 967 F.2d 1468, 1473 (10th Cir.), cert. denied, 113 S.Ct. 355 (1992); Rogat, 924 F.2d at 985). To satisfy this objective standard, there must be more than a "mere chance" that a defendant can pay the required amount. Id. at 233 (citing United States v. McIlvain, 967 F.2d 1479, 1481 (10th Cir.1992)). Our cases are consistent with the Seventh Circuit's observation that when a court orders restitution, "it is most paramount that the defendant, in the all-important rehabilitative process, have at least a hope of fulfilling and complying with each and every order of the court." United States v. Mahoney, 859 F.2d 47, 52 (7th Cir.1988).
 
 
 18
 The determination of an appropriate order of restitution is, admittedly, an "inexact science." See United States v. Teehee, 893 F.2d 271, 274 (10th Cir.1988). "[R]estitution orders, being fact specific, must be evaluated on a case-by-case basis." Williams, 996 F.2d at 233; see, e.g., United States v. Patty, 992 F.2d 1045, 1052 (10th Cir.1993); United States v. Morrison, 938 F.2d 168, 172 (10th Cir.1991); Rogat, 924 F.2d at 985-86; Clark, 901 F.2d at 857.
 
 
 19
 In this case, the government contends that our decisions in Rogat and United States v. Wise, 990 F.2d 1545 (10th Cir.1993), support the district court's restitution order. We disagree, for these cases are clearly distinguishable. In Rogat, where a restitution order imposed on married defendants with a negative net worth was upheld, the court noted that the defendants had recently established an advertising and sales business, thus providing an opportunity to pay the required amount. The court also noted that "the order d[id] not require immediate payment." Rogat, 924 F.2d at 986. In Wise, we held that the defendant could be properly ordered to pay $510,000 in restitution immediately, in spite of the fact that a financial statement personally prepared by him indicated that his liabilities substantially exceeded his assets. However, we noted that the defendant was an experienced attorney with a real estate license and that his liabilities were limited to "unsecured debt and guarantees." Wise, 990 F.2d at 1549. Accordingly, we concluded that the district court did not err in finding that the defendant possibly could pay the amount ordered.[3]
 
 
 20
 Here, in contrast to Rogat and Wise, the record does not indicate that there is an objectively reasonable possibility that Ms. Bacus could comply with the district court's restitution order. The finding reached in the presentence report that "it appears that [Ms. Bacus] could make restitution payments in the future" clearly does not support the conclusion that she was capable of paying $55,183.46 immediately.
 
 
 21
 Accordingly, we conclude that the district court did not properly exercise its discretion in entering the order of immediate restitution. We therefore vacate the district court's restitution order and remand for further proceedings. On remand, the district court may adopt any of the four options regarding restitution that are authorized by the VWPA and supported by the record. See Clark, 901 F.2d at 856-57.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 The presentence report also noted that, in August of 1993, the Bacuses filed a bankruptcy petition in the United States Bankruptcy Court for the Western District of Oklahoma in which they listed the total value of their assets as $163,076.00 and the total value of their liabilities as $234,600.00
 
 
 [3]
 The government also suggests that the district court's order should be upheld because Ms. Bacus failed to present evidence to rebut the conclusion that she was capable of paying restitution. This argument is not supported by the provisions of the VWPA. As noted above, under 18 U.S.C. 3664(d), the defendant has the burden of demonstrating her financial resources and needs. Here, although Ms. Bacus's objections to the findings of the presentence report could have been more detailed and spirited, the financial information that she provided to the probation officer, along with the probation officer's own conclusion about Ms. Bacus's ability to pay "in the future," rebut the government's contention on appeal that she could pay $55,183.46 in restitution immediately