UNITED STATES COURT OF APPEALS
**Filed 4/24/96**
**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | )　No. 95-1414 |
| | )　(D.C. No. 95-CR-122) |
| ARLEE PRUITT, a/k/a Arlee Pruitt, Jr., a/k/a | )　(D. Colorado) |
| Micaiah A. Pruitt, a/k/a Mazi Abayomi, a/k/a | ) |
| Mazi Micaiah Abayomi, a/k/a Zacary Micaiah | ) |
| Daniels, a/k/a Anthony Immanuel, a/k/a Zion | ) |
| A. P. Immanuel, | ) |
| | ) |
| Defendant-Appellant. | ) |

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Pruitt entered a plea of guilty to the crime of bank fraud and was sentenced, *inter alia,* to 51 months imprisonment and ordered to make restitution to the two banks involved in the amount of $50,000. Mr. Pruitt appeals his sentence claiming the sentencing court erred in ordering restitution without first clearly determining whether Mr. Pruitt had an ability to pay restitution in that amount. We affirm.

Mr. Pruitt was originally charged with twenty-two counts of bank fraud. A plea agreement was reached in which Mr. Pruitt pled guilty to to one count of bank fraud and agreed to pay restitution up to the amount of $106,349.90, if ordered by the court.

Mr. Pruitt directed several young women to open bank accounts using nonsufficient fund checks. He then directed the women to make withdrawals from the accounts knowing there were insufficient funds in the accounts. The women then turned over this illegally obtained cash to Mr. Pruitt. Approximately twelve bank accounts were opened in this manner with resulting losses to the banks totaling $118,667.60.

During the entry of the guilty pleas the sentencing court asked defendant if he understood the plea agreement required him to make restitution. "You've also agreed to make restitution, correct? $106,000?" The sentencing court also informed Mr. Pruitt that restitution would likely be ordered.

The presentence report indicated Mr. Pruitt would have the opportunity to work while

imprisoned and during his five year period of supervised release. This report noted "it appears [Mr. Pruitt] has the ability to pay at least partial restitution."

The following evidence was before the sentencing court concerning Mr. Pruitt's ability to pay restitution. Mr. Pruitt represented to the court he had a high school education "plus a little college." Defense counsel stated that Mr. Pruitt wanted to study for a degree while in prison and Mr. Pruitt confirmed he was enrolling in correspondence courses to further his education. Mr. Pruitt specifically requested placement in a prison facility that would permit him to further his education. Mr. Pruitt asserted he had legitimate work while at the community corrections facility and was "very successful" at work. He further stated he had obtained a class A commercial driver's license and had a job driving. He added he had a computer science background and a "culinary background."

At the sentencing hearing Mr. Pruitt presented no evidence. The only argument advanced by Mr. Pruitt's counsel was that "$106,000 restitution will be more than he will ever be able to bear"; however, he did acknowledge that Mr. Pruitt would have five years to pay whatever restitution would be ordered. At the conclusion of argument the trial court stated:

> The defendant does not have an ability to pay a fine. It appears to me he may not have ability to pay full restitution. However, that somewhat remains to be seen.
>
> As far as the restitution is concerned, I don't think you are going to have the ability, but it remains to be seen what your abilities are. I think it would be folly to require that you pay the entire restitution. By the same token $10,000 seems to be less than 10% of the total amount of money that was involved here, so I will order $50,000 restitution payable, and probation can make the -- you can make the appropriate adjustments to Colorado National Bank.

-3-

....

Restitution will be paid no later than the expiration of term of supervised release. When you get out, and should you be able to have a successful career, you can pay some of that restitution back, and it will be under the supervision of the probation department.

....

I believe based on what I see here that you have the ability to pay more restitution than $10,000. It's arguable that you are going to be able to pay the entire restitution, but if you are as successful as you seem to think you can be after you get out of the penitentiary, and you have five years supervised release in which to pay the restitution, which in my opinion, you can accomplish that. (Vol. 4 p. 33.)

Mr. Pruitt argues there was no specific finding of ability to pay and he therefore asserts the order of restitution is improper and must be reversed.

Reviewing the record we note Mr. Pruitt agreed to pay more than $106,000; the Probation department found defendant had the ability to pay partial restitution and recommended Mr. Pruitt pay $10,000 and the Government responded to this recommendation by suggesting Mr. Pruitt be required to pay the full restitution.

Our case law requires us to uphold an order of restitution "if the evidence indicates a defendant has some assets or earning potential and thus possibly may be able to pay the amount ordered." *United States v. Rogat,* 924 F.2d 983, 985 (10th Cir.), *cert. denied*, 499 U.S. 982 (1991). However, the possibility of repayment cannot be based solely on chance. *Id.* The applicable statute is known as the Victim and Witness Protection Act, 18 U.S.C. §§ 3663-64. This Act requires a

sentencing court to consider, *inter alia*, "the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate" (§ 3664(a)). "The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant and such defendant's dependents shall be on the defendant" (§ 3664(d)).

The record on appeal supports the sentencing court's order of restitution. The amount of loss was agreed to by the parties. The record clearly reveals the sentencing court considered Mr. Pruitt's intelligence, background, education, future education, Mr. Pruitt's success at legitimate jobs, his job skills including a commercial driver's license, computer science and clulinary arts and Mr. Pruitt's willingness to work. The Probation report indicated Mr. Pruitt would have work opportunites while in prison and on supervised release. It was Mr. Pruitt's obligation to present evidence showing his inability to pay and the financial needs of he and his dependents. Mr. Pruitt failed to present any evidence upon which the sentencing court could base any finding of inability. Mr. Pruitt merely asserted, in conclusory terms, an inability to pay. "[T]he judge need not specifically recite his findings." *Rogat*, 924 F.2d at 986. The order of restitution was well within the realm of possibility and did not constitute an abuse of discretion. The record demonstrated Mr. Pruitt has some future earning potential.

The judgment and sentence is **AFFIRMED**.

Entered for the Court:

**WADE BRORBY**
United States Circuit Judge