**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 28 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PATRICK J. KUHSE,

    Defendant-Appellant.

No. 98-6076
(W. District of Oklahoma)
(D.C. No. CR-94-144-L)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

Appellant, Patrick J. Kuhse, pleaded guilty to charges which included conspiracy and money laundering. In addition to being sentenced to serve a prison term of seventy-one months, Kuhse was ordered to pay restitution in an amount not to exceed $3,894,391.28. Kuhse appeals the district court's order requiring him to pay restitution. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **AFFIRM**.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## STANDARD OF REVIEW

This court reviews the amount of the district court's restitution order for an abuse of discretion. *See United States v. Copus*, 110 F.3d 1529, 1537 (10th Cir. 1997). The district court's factual findings underlying the restitution order are reviewed for clear error. *See id.*

## BACKGROUND

Kuhse was named in a thirty-two count indictment returned on September 21, 1994. The charges against Kuhse, which included conspiracy, bribery, money laundering and criminal forfeiture, arose out of a bribery/kickback scheme perpetrated against the State of Oklahoma by Kuhse and two co-conspirators. At the time the indictment was returned, however, Kuhse had left the United States and was residing in Costa Rica.

Almost three years after being indicted, Kuhse surrendered to the United States Embassy in Costa Rica. He was returned to the United States on the outstanding warrant and pleaded guilty to all counts against him contained in the indictment. Kuhse was sentenced to seventy-one months in prison and ordered to pay restitution to the Oklahoma State Treasurer's Office in the amount of $3,894,391.28 less any amounts recovered by the United States Government in its

forfeiture case against him and in a separate civil case filed in the United States District Court for the Western District of Oklahoma.

At his arraignment, Kuhse was determined to be indigent and the court arranged for him to be represented by court-appointed counsel. Following Kuhse's plea of guilty, a Presentence Investigative Report ("PSR") was prepared by a probation officer. The district court adopted the factual findings in the PSR. Information contained in the PSR indicates that at the time of sentencing, Kuhse had a negative net worth of $316,700.00. The PSR further discloses that at the time of sentencing Kuhse was 43 years of age and in good physical health. He was separated from his wife and had two dependent children, ages thirteen and eleven. Kuhse's formal education consisted of between eighty and ninety hours of college credit. He had also completed a two-year correspondence course which had enabled him to obtain a license as a certified financial planner. The PSR further discloses that between the years 1980 and 1994, Kuhse was employed selling insurance or working as a financial planner. As a result of his felony conviction, Kuhse will be unable to retain his license as a financial planner and will be prohibited from selling insurance.

DISCUSSION

In this appeal, Kuhse concedes that the district court properly calculated the amount of the loss sustained by the State of Oklahoma as a result of his illegal conduct. Kuhse contends, however, that the district court erred when it determined he was able to pay restitution.

The restitution order at issue is governed by the Victim and Witness Protection Act (VWPA). [1] *See* 18 U.S.C. §§ 3663-3664. Pursuant to the provisions of the VWPA, when determining whether to order restitution and the amount of such restitution, a court must consider "the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3664(a). Under the provisions of the VWPA, the defendant bears the burden of proving that he is unable to pay restitution. *See* 18 U.S.C. § 3664(d).

A restitution order must be consistent with a defendant's ability to pay. *See United States v. Gilbreath*, 9 F.3d 85, 86 (10th Cir. 1993) (citation omitted). The

---

[1] The provisions governing the payment of restitution contained in the VWPA were significantly amended by the Mandatory Victims Restitution Act of 1996 (the "MVRA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). The MVRA became effective on April 24, 1996. Neither party to this appeal has raised the issue of whether the MVRA governs the order of restitution in this case and we, therefore, do not address that issue. Accordingly, statutory citations herein refer to the VWPA provisions in effect before the effective date of the MVRA.

order will be upheld if it is supported by at least some evidence that the defendant has either available assets or sufficient earning potential. *See United States v. Williams*, 996 F.2d 231, 233 (10th Cir. 1993). While payment cannot be based solely on chance, it must only be an "objectively reasonable possibility." *See id.*

When a defendant receives assets as a result of his illegal conduct, he bears the burden of proving what happened to those assets. *See United States v. Olson*, 104 F.3d 1234, 1238 (10th Cir. 1997). Unless the defendant is able to meet that burden, the sentencing court can consider those assets as being available to satisfy the restitution order. *See id*.

Restitution can be ordered even if the defendant is indigent at the time of sentencing. *See, e.g., Williams,* 996 F.2d at 232, 235. (affirming order requiring indigent defendant to pay restitution). A sentencing court can order an indigent defendant to pay restitution if it finds that the defendant has the earning potential to pay the amount ordered. *See, e.g., United States v. Rogat*, 924 F.2d 983, 986 (10th Cir. 1991) (upholding district court finding that defendants who had a negative net worth but who were educated, talented and skilled in business had the ability to pay restitution of approximately $2.5 million).

Kuhse concedes in his brief that the district court properly calculated the amount of the loss sustained by the State of Oklahoma as a result of his conduct at $3,894,391.28. Kuhse contends that he does not have the ability to pay the

restitution because he has no current assets and his future employment opportunities are limited to minimum wage jobs.

In support of his contention that he has no current assets, Kuhse states he no longer has any of the money he received from the illegal activities of which he was convicted. Kuhse asserts that he converted the majority of his assets, including the illegally obtained assets, into cash and then used that cash to pay his living expenses during the years he resided in Costa Rica. Kuhse has offered no financial statements, receipts or similar documentation to support his claim that the assets he received as a result of his illegal conduct have been fully dissipated. The district court found Kuhse's explanation of what happened to the illegally obtained funds to be self-serving and to lack credibility.

Kuhse also argues that his future earning potential is insufficient to enable him to pay the restitution order. He asserts that his future employment opportunities are limited to minimum wage jobs. In addition to information concerning Kuhse's financial circumstances at the time of sentencing, the PSR also contains details of Kuhse's employment history and other facts permitting an evaluation of his future earning ability. Based on information contained in the PSR, the district court found that Kuhse is an intelligent, educated individual who is in excellent health and young enough to be employed for many years after the term of his incarceration is completed. Although Kuhse cannot continue to work

as a financial planner, he has offered no explanation as to why, notwithstanding his education and intellect, he will be employable only in jobs paying the minimum wage.

The district court based its restitution order on its findings relative to both Kuhse's earning potential and his current financial situation. The facts in the record amply support the district court's findings that Kuhse's education, experience and intellect will enable him to find gainful employment after his incarceration and earn a wage sufficient to both support himself and his family and pay restitution. Kuhse has the burden of showing he is unable to pay the restitution. The record is void of any cogent explanation substantiating Kuhse's assertions that all of the illegally obtained assets have been dissipated and that he will be employable only in minimum wage jobs.

We hold that the district court's finding as to Kuhse's ability to pay was not clearly erroneous and the district court did not abuse its discretion when it ordered Kuhse to pay restitution in the amount of $3,894,391.28 and, therefore, **AFFIRM** .

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge