UNITED STATES of America,
Plaintiff–Appellee,

v.

Scott J. GABRIELE, Defendant–
Appellant.

No. 93–1022.

United States Court of Appeals,
Tenth Circuit.

April 20, 1994.

Clifford J. Barnard, Boulder, CO, for defendant-appellant.

John M. Haried, Asst. U.S. Atty. (James R. Allison, Interim U.S. Atty., with him on the brief), Denver, CO, for plaintiff-appellee.

Before SEYMOUR, Chief Judge, LOGAN and ANDERSON, Circuit Judges.

LOGAN, Circuit Judge.

Defendant Scott Gabriele pleaded guilty to one count of conspiracy, in violation of 18 U.S.C. § 371, and two counts of making false statements to the Department of Housing and Urban Development, in violation of 18 U.S.C. § 1001. In exchange for his plea the government dismissed the remaining counts of the indictment. He now appeals a restitution order made in conjunction with sentencing. He argues that (1) the district court's restitution order is in error because he was not informed of the possibility of restitution as required by Fed.R.Crim.P. 11(c)(1), and (2) the court abused its discretion in ordering restitution.

Defendant was charged, along with others, in an eighty-one-count indictment alleging numerous acts intended to defraud the United States and certain agencies and departments of the government. Defendant ultimately negotiated a plea agreement with the prosecutor. At the change of plea hearing, defendant was advised that he could be sentenced to a maximum of fifteen years imprisonment, fined a maximum of $250,000 on each of the counts to which he pleaded, and receive a term of supervised release. The plea agreement did not mention restitution, nor did the district court advise defendant that restitution could be ordered.

Defendant pleaded guilty to three counts of the indictment. He was sentenced to consecutive five-year terms on each count, with the prison term on one count suspended to five years of probation. Defendant was ordered to pay $100,000 in restitution, but was not fined. The district court did not designate whether the restitution was ordered pursuant to the Federal Probation Act (FPA) or the Victim and Witness Protection Act (VWPA). The district court otherwise complied with Fed.R.Crim.P. 11.

I

■ The first issue on appeal is whether the district court committed reversible error in ordering restitution when defendant was not informed that restitution could be part of his sentence. Defendant seeks to either withdraw his guilty plea or be resentenced without restitution. We review de novo district court compliance with Rule 11. *United States v. Gomez–Cuevas*, 917 F.2d 1521, 1524 (10th Cir.1990).

The relevant provisions of Rule 11 read as follows:

(c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

.  .  .  .  .

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term, the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances, and, when applicable, *that the court may also order the defendant to make restitution to any victim of the offense;* and

.  .  .  .  .

(h) Harmless Error. Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.

Fed.R.Crim.P. 11(c)(1) and (h) (emphasis added).

■ The Advisory Committee note on the 1983 amendment, when subsection (h) was added, makes clear that the harmless error rule of Fed.R.Crim.P. 52(a) is applicable to Rule 11. Thus, noncompliance with Rule 11(c) does not automatically invalidate an otherwise voluntary and informed guilty plea.

The majority of circuits that have considered failure to warn of the possibility of restitution in similar fact situations have found it harmless. In *United States v. Fentress*, 792 F.2d 461 (4th Cir.1986), the defendant was not informed that he could be ordered to pay restitution, but the maximum fine he was warned of when entering his guilty plea exceeded the restitution ultimately ordered. That court acknowledged that even if the amended Rule 11(c)(1) applied,[1] the error would be harmless under Rule 11(h) because that defendant was informed "that serious financial repercussions might follow from a guilty plea." *Id.* at 465. Consequently, defendant's substantial rights were not affected.

"When the sentencing court fails to apprise a defendant of the possibility of restitution but the defendant has notice of a possible

---

**1.** The requirement to inform defendants of a possible restitution order was put into Rule 11(c)(1) in 1985.

fine in excess of the amount of the restitution ultimately ordered, the court's failure to raise the possibility of restitution is harmless error." *United States v. Fox,* 941 F.2d 480, 484 (7th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1190, 117 L.Ed.2d 431 (1992). In *United States v. Miller,* 900 F.2d 919 (6th Cir.1990), defendants were warned of a possible $500,000 in fines but restitution was not mentioned. The court ordered restitution of $465,272.98. The court said, "Defendants were not harmed by the substitution of restitution for a fine" in an amount less than the maximum fine mentioned. *Id.* at 921. Similarly, in *United States v. Pomazi,* 851 F.2d 244, 248 (9th Cir.1988), *overruled on other grounds, Hughey v. United States,* 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990), the court held that the defendant could not have been surprised or prejudiced by a $64,-229 restitution order after he was told the maximum fine could have been $500,000. *See also United States v. Padin–Torres,* 988 F.2d 280, 283–84 (1st Cir.1993) (restitution order reduced to amount of fine defendant was warned of at his plea hearing, after defendant appealed an $852,000 restitution order of which he was not forewarned).

The circuit decisions in which the courts found reversible error are distinguishable on their facts. The Fifth Circuit held in *United States v. Corn,* 836 F.2d 889, 895 (5th Cir. 1988), that a district court's broad statement that it could impose a fine "in any amount" gave insufficient warning to a defendant of a $6 million restitution order made at sentencing. Later, however, in *United States v. Stumpf,* 900 F.2d 842, 844–45 (5th Cir.1990), a collateral attack under 28 U.S.C. § 2255, the Fifth Circuit viewed as harmless error a district court's failure to warn the defendant of a possible restitution order when defendant's sentence included restitution in an amount substantially less than the maximum the defendant was told he might have been fined.

In *United States v. Khan,* 857 F.2d 85, 87 (2d Cir.1988), *modified on reh'g,* 869 F.2d 661 (2d Cir.1989), *cert. denied,* 498 U.S. 1028, 111 S.Ct. 682, 112 L.Ed.2d 674 (1991), the defendant was erroneously advised of a possible $250,000 fine, when the maximum fine was

only $1,000. At sentencing the district court ordered $266,000 in restitution, which was reversed on appeal. That court stated that Rule 11(c)(1) was intended to do more than merely alert a defendant of possible monetary liability. It also commented that the defendant's decision to plead guilty is not necessarily governed by the aggregate amount of the potential punishment and that the defendant might have decided to take a chance that a large fine might not be imposed. *Id.* at 87–88.

The Supreme Court has not decided the precise issue before us; but it has acknowledged that ordering a different but less onerous sentence is not prejudicial to a defendant if the sentence is within the maximum penalty described to the defendant when the plea was accepted. *United States v. Timmreck,* 441 U.S. 780, 782–83, 99 S.Ct. 2085, 2086–87, 60 L.Ed.2d 634 (1979) (defendant was told he could be sentenced to fifteen years but not informed of a mandatory three-year parole term; his actual sentence was ten years with a five-year parole term). In our only analogous case, *United States v. Pogue,* 865 F.2d 226, 228 (10th Cir.1989), we distinguished *Timmreck* on its facts, because defendant was advised of a $2,000 possible fine but ordered to pay $1,758,091.14 restitution; we reversed and remanded under an order that would permit vacating the guilty plea or re-sentencing without any restitution order. We did not discuss the situation in which a defendant is advised of a fine in excess of the amount of restitution ultimately ordered.

Although we recognize that the underlying penal philosophy for restitution is different than that for a fine, the monetary impact is the same to the defendant receiving the sentence. We cannot say on this record, when defendant knew he could be fined up to $750,000, that his substantial rights were impaired when he was ordered instead to pay $100,000 in restitution.

█ Defendant argues that his decision to plead guilty was influenced by the fact that fines are ordered less frequently than restitution. He asserts that had he been told restitution was possible he would have evaluated his position differently. The government acknowledges that restitution orders

**72**

are more common than fines. However, the defendant accepted in his plea agreement a degree of uncertainty regarding his sentence. Instead of ordering restitution the district court could have imposed a fine equal to or exceeding its $100,000 restitution order. The presentence report (PSR) reflects that some defendants in related indictments received fines and others were ordered to pay restitution. The defendant acknowledged in his sentencing statement the restitution orders imposed upon other defendants contained in the PSR. Under these circumstances, we hold that the district court's error in not warning defendant of a possible restitution order was harmless.

## II

The remaining issues concern whether various aspects of the restitution order constitute an abuse of discretion. Defendant alleges that (1) the district court did not state any authority for ordering restitution, (2) the restitution order is internally inconsistent, (3) the restitution order does not reflect a particular loss determination, and (4) the district court failed to make a determination as to defendant's ability to pay. We review the district court's factual findings supporting a restitution order for clear error, and the amount of the restitution order for abuse of discretion. *United State v. Rogat,* 924 F.2d 983, 985 (10th Cir.), *cert. denied,* 499 U.S. 982, 111 S.Ct. 1637, 113 L.Ed.2d 732 (1991).

Defendant argues that the district court failed to state its authority for ordering restitution. When a district court fails to specify whether a restitution order is made pursuant to the FPA or the VWPA we treat it as if made pursuant to the VWPA.[2] *United States v. Cook,* 952 F.2d 1262, 1264 (10th Cir.1991). This is particularly appropriate here because defendant was ordered to serve prison time, which is inconsistent with the now-repealed FPA.

Defendant's assertion that the restitution order is internally inconsistent is specious. The district court's explanations at

the sentencing hearing and in the sentencing documents provide for partial payments toward the $100,000 restitution obligation during defendant's incarceration to the extent his earnings exceed $50 per month. Defendant would then pay the balance of his restitution obligation as a condition of the five-year probationary period following his release. The VWPA contemplates restitution as a condition of probation. 18 U.S.C. § 3663(g).

Consistent with the VWPA, we have upheld a restitution order requiring partial payments during a term of incarceration, continuing through a period of supervised release. *United States v. Williams,* 996 F.2d 231, 233–34 (10th Cir.1993). The facts presented by this defendant are less onerous than in *Williams.* Gabriele is divorced and his only dependent was nineteen years old at the time the PSR was written in June 1992. Although he reports no assets, defendant has a college degree and possesses at least some business acumen, as evidenced by his crime. *See United States v. Rogat,* 924 F.2d 983 (1991). Defendant did not challenge the financial information in the PSR supporting the conclusion that he can satisfy this restitution order. We discern no uncertainty or inconsistency in the restitution order. Thus, we cannot conclude that the district court committed error in its analysis of the facts or otherwise abused its discretion.

Defendant next asserts that the district court's failure to make a specific loss determination is an abuse of discretion. However, defendant made no objection at sentencing to the loss determination and acknowledged that his only dispute was to the validity of his prior convictions. The statute supports our analysis that the sentencing court need not make specific factual findings unless the restitution amount is disputed. 18 U.S.C. § 3664(d). In *United States v. Teehee,* 893 F.2d 271, 274 (10th Cir.1990), we characterized § 3664(d) as prescribing "the evidentiary guidelines for *resolving disputes* over the proper restitution amount." (emphasis supplied). We have reviewed the en-

---

**2.** The offenses in the indictment occurred before November 1, 1987, so either the VWPA or FPA could have applied.

tire record and cannot conclude that the district court abused its discretion in ordering $100,000 in restitution. The undisputed actual loss figure exceeded $3.7 million and was well-documented with details about the involved real properties and additional intended losses of over $3.1 million. The district court's restitution order represented a mere fraction of the victim's loss.

Finally, defendant argues the district court failed to make a determination of his ability to make restitution. We do not require a sentencing court to make specific findings as to a defendant's ability to pay provided sufficient information is made available to and is considered by the court. *Rogat*, 924 F.2d at 986. The district court judge here stated on the record that he had reviewed the PSR which detailed defendant's financial condition, educational background, and employment history, as well as the Probation Office recommendation of $100,000 restitution. The fact that a defendant appears to be without financial resources at the time of sentencing does not itself bar a restitution order. *Id.* at 985. The district court did not abuse its discretion with regard to the restitution order.

AFFIRMED.