UNITED STATES COURT OF APPEALS
**Filed 12/20/96**
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MORGAN ANNE DETHOUARS, also
known as Morgan Counts, also known
as Linda Anne Morgan,

Defendant-Appellant.

No. 96-1039
(D.C. No. 94-CR-405)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before PORFILIO, ALARCON,[**] and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]   This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]   Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Defendant Morgan Anne DeThouars pled guilty to one count of wire fraud under 18 U.S.C. §§ 1343 and 2, and one count of money laundering under 18 U.S.C. §§ 1957 and 2.  The district court sentenced defendant to eighteen months' imprisonment, and ordered her to make full restitution of $3,472,090, to be paid jointly and severally with her husband, codefendant William Olson.

Defendant appeals the restitution order, contending the district court improperly required her to pay the ordered amount when there was no evidence of her ability to pay.  We review de novo the legality of a district court's order of restitution, and review for clear error any underlying factual findings.  United States v. Guthrie, 64 F.3d 1510, 1514 (10th Cir. 1995).  Usually, we review the amount of the restitution order within statutory limits for an abuse of discretion. United States v. Harris, 7 F.3d 1537, 1539 (10th Cir. 1993).  However, in this case our review is for plain error because defendant did not make any objection to the restitution order.  United States v. Wainwright, 938 F.2d 1096, 1098 (10th Cir. 1991).  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Defendant stipulated in her plea agreement that she and her husband "knowingly and intentionally devised and aided and abetted a scheme to defraud investors of approximately $4,178,697 in funds from approximately 700 investors

by means of false representations and promises. . . ." R. Vol. I, Doc. 11, at 9. Defendant agreed the amount of loss to the investors was $3,472,090, the full amount of the funds misappropriated by defendant and her husband, less refunds already made to some victims. R. Vol. I, Doc. 31.

Restitution orders are governed by the Victim and Witness Protection Act, 18 U.S.C. §§ 3663-3664. At the time of defendant's sentencing, restitution orders were required to "be consistent with a defendant's ability to pay." United States v. McIlvain, 967 F.2d 1479, 1481 (10th Cir.1992); see also 18 U.S.C. § 3664(a)(stating that the court shall consider "the financial resources of the defendant" in determining whether to order restitution).[1] "The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant . . . shall be on the defendant." 18 U.S.C. § 3664(d). "The fact that a defendant is without financial resources at the time of sentencing is not a bar to a restitution order." United States v. Kunzman, 54 F.3d 1522, 1532 (10th Cir. 1995)(citing United States v. Gabriele, 24 F.3d 68, 73 (10th Cir.1994)). The order "will be upheld if the evidence indicates a defendant has some assets or

---

[1]    This statute was amended April 24, 1996, and it now provides: "In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). Our review in this case, however, is limited to the sentence imposed on the defendant by the district court prior to the amendment.

earning potential and thus possibly may be able to pay the amount ordered."

United States v. Rogat, 924 F.2d 983, 985 (10th Cir.), cert. denied, 499 U.S. 982 (1991).

The plea agreement stipulated that the district court would order restitution of at least $894,420, the amount that would otherwise have been subject to criminal forfeiture, and not more than $3,472,090, the amount of full restitution. R. Vol. I, Doc. 11, at 6. Prior to entering the plea agreement, the government informed the defendant and the district court that it intended to request the full restitution of $3,472,090. R. Vol. III, at 3. Defendant did not make an objection at that time that she would be financially unable to make full restitution, id. at 3-4, 9-21, nor did she do so at sentencing, R. Vol. IV, at 9-15, 21-22.

Defendant stipulated in the plea agreement that she had "used several bank accounts, including several domestic accounts and offshore accounts in the Bahamas, as a repository of investor funds." R. Vol. I, Doc. 11, at 10. Defendant does not dispute that evidence was presented in her husband's case that approximately $3-4 million of investor money was placed in these bank accounts. Defendant told the district court at sentencing that her husband might be able to locate the money deposited in these accounts. R. Vol. IV, at 14. In ordering full restitution, to be paid jointly and severally with defendant's husband, the district court primarily considered defendant's ability to influence her husband to locate

the funds secreted in these domestic and offshore bank accounts.  Id. at 16, 17. The court also took into consideration that defendant would not likely be able to pay the full restitution when she was released from prison, but noted that the obligation to make restitution would extend over her lifetime.  The court also noted that defendant should be able to gain employment after her release from prison because she was a talented interior decorator and had a large support group of family and friends.  Id. at 7.

We conclude that defendant did not meet her burden of demonstrating her inability to pay the restitution order, and that the district court did not abuse its discretion, let alone commit plain error, in ordering defendant to make full restitution.

The judgment of the United States District Court for the District of Colorado is  AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge