**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SCOTT GABRIELE,

Defendant-Appellant.

No. 96-1171
(D.C. No. 94-CB-2624)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before TACHA, EBEL, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant appeals the district court's denial of his motion to vacate, set aside, or correct his sentence, brought pursuant to 28 U.S.C. § 2255. Defendant, who was charged along with others in an eighty-one count indictment alleging various actions intended to defraud the United States, pled guilty to one count of conspiracy, in violation of 18 U.S.C. § 371, and two counts of making false statements to the Department of Housing and Urban Development (HUD), in violation of 18 U.S.C. § 1001. Defendant's sentence included an order to pay restitution of $100,000, which defendant challenged on direct appeal. We upheld the restitution order in United States v. Gabriele, 24 F.3d 68 (10th Cir. 1994).

In his § 2255 motion, defendant contended that his trial counsel rendered constitutionally ineffective assistance in four respects: (1) counsel failed to inform defendant of, or to object to the fact that, the counts to which defendant pled guilty were multiplicious; (2) counsel failed to inform defendant of, or to object to the fact that, the two false statement counts were really a single offense; (3) counsel failed to object to the loss calculation contained in the presentence report (PSR); and (4) counsel failed to object to the district court entering what amounted to an illegal restitution order. The district court denied relief and this appeal followed.[1]

---

[1]    In his opening brief on appeal, defendant attempts to incorporate by reference everything he filed in the district court and to defer addressing the

(continued...)

When reviewing the denial of a § 2255 motion, we review the district court's legal rulings de novo and its findings for clear error. United States v. Cox, 83 F.3d 336, 338 (10th Cir. 1996). "A claim of ineffective assistance of counsel presents a mixed question of law and fact which we review de novo." Brewer v. Reynolds, 51 F.3d 1519, 1523 (10th Cir. 1995), cert. denied, 116 S. Ct. 936 (1996). Because ineffective assistance claims are properly raised in collateral proceedings, defendant's failure to raise the claims on direct appeal does not bar our consideration of them. See United States v. Glover, 97 F.3d 1345, 1349 (10th Cir. 1996).

To establish a claim for ineffective assistance of counsel, defendant must demonstrate that his counsel's performance was constitutionally deficient and that the deficient performance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 686-87 (1984). Counsel's failure to raise issues that have no merit "does not constitute constitutionally ineffective assistance." United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995) (quotation and citation omitted).

[1](...continued)
issues in depth until his reply brief. Appellant's Opening Br. at 2. Neither practice is acceptable. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992) (holding that pro se litigants must "follow the same rules of procedure that govern other litigants"); Hunter v. Allis-Chalmers Corp., 797 F.2d 1417, 1430 (7th Cir. 1986) (holding that issues cannot be preserved by reference to documents filed in the district court; issues must be argued to be preserved); Codner v. United States, 17 F.3d 1331, 1332 n.2 (10th Cir. 1994) (holding that issues raised for first time in reply brief will not be considered on merits).

We agree with the district court that counsel's failure to object to the indictment, either on the ground that the conspiracy and false statement counts were multiplicious, or on the ground that the two false statement counts constituted a single offense, was not constitutionally deficient. One of the functions of the Double Jeopardy Clause is to "protect[] against multiple punishments for the same offense. . . . [M]ultiplicity occurs when more than one count of an indictment cover the same criminal behavior. To support a claim for double jeopardy, a defendant must show that the two offenses charged are in law and in fact the same offense." United States v. Richardson, 86 F.3d 1537, 1551-52 (10th Cir.) (quotations and citations omitted), cert. denied, 117 S. Ct. 588 (1996). "Whether conduct supports two offenses or only one turns on whether each count requires proof of a fact or element not required by the other." United States v. Pace, 981 F.2d 1123, 1134 (10th Cir. 1992) (quotation omitted). Because the § 371 conspiracy count and the § 1001 false statement counts each required proof of an element not contained in the other, see, e.g., United States v. Nall, 949 F.2d 301, 305 (10th Cir. 1991) (setting forth elements of § 371 conspiracy); United States v. Irwin, 654 F.2d 671, 675-76 (10th Cir. 1981) (setting forth elements of § 1001 false statement offense), the counts were not multiplicious, and, therefore, any objection by counsel to this effect would have been without merit.

Likewise, an objection to the two false statement counts on the ground that they constitute a single offense would have been without merit. Each count related to a separate application that defendant submitted to HUD containing false statements. That the two applications were mailed to HUD in the same envelope does not prevent their being the subject of two separate § 1001 counts. "[T]he statute aims at the making or using of each 'false writing or document' and intends the wrong connected with each to be a separate offense," even if the documents are submitted to the agency at the same time. United States v. Bettenhausen, 499 F.2d 1223, 1234 (10th Cir. 1974).

Although defendant's trial counsel made a general objection to the assessment of any restitution against defendant, he did not make either of the two specific objections defendant now contends counsel should have made. First, counsel did not object to the amount of actual loss set forth in the PSR, which was based on the money HUD lost when it sold the properties on which it had insured the loans. We have held that trial counsel's failure to make a "dead-bang winner" objection to a PSR may constitute constitutionally ineffective assistance. See United States v. Kissick, 69 F.3d 1048, 1056 (10th Cir. 1995). The objection that defendant contends his counsel failed to advance here, however, is anything but a "dead-bang winner."

Relying on our discussion in United States v. Haddock, 12 F.3d 950, 961 (10th Cir. 1993), about the proper assessment of loss to a lender that has been the victim of bank fraud, defendant contends that, because the lenders who made the HUD-insured loans at issue here were made whole once they foreclosed on the properties securing the defaulted loans, turned those properties over to HUD, and were paid the loan amounts insured by HUD, no actual loss resulted from defendant's conduct. Defendant's argument, however, overlooks the crucial fact that HUD was the ultimate victim of the offenses to which defendant pled guilty, and that HUD suffered an actual loss when it sold the properties for less money than it paid to the lenders who made the HUD-insured loans. See, e.g., United States v. Miller, 962 F.2d 739, 743-44 (7th Cir. 1992) (upholding sentence that attributed to defendant amount of loss HUD suffered when money it recovered on liquidation of property was less than what it paid lender that made HUD-insured loan). Because defendant does not suggest that the loss calculation contained in the PSR was otherwise in error, his counsel's failure to object to the calculation was not constitutionally ineffective.

Finally, defendant contends that the restitution order entered by the district court was illegal in light of the Supreme Court's opinion in Hughey v. United States, 495 U.S. 411 (1990), and, therefore, that counsel was constitutionally ineffective in permitting the order to be entered. Defendant's theory is as

follows:  The only losses that can be attributable to the conspiracy count are those flowing from the specific acts done in furtherance of the conspiracy.  The only acts in furtherance of the conspiracy to which defendant pled guilty were the two counts of making false statements.  The PSR did not attribute any specific amount of loss to the two admitted acts of making false statements.  Therefore, no loss can be attributed to the conspiracy count for purposes of ordering restitution.

Our opinion in United States v. Brewer, 983 F.2d 181 (10th Cir. 1993), reveals the fallacy of defendant's argument.  In Brewer, we rejected the defendants' argument "that Hughey limit[ed] their restitution obligation to losses caused by the specific conduct they contributed to the conspiracy" as follows:

> Hughey stands solely for the proposition that restitution is limited to losses caused by the conduct underlying the offense of conviction. Here, the offense of conviction was a conspiracy and the underlying conduct was Defendants' agreement to participate in the plan to defraud manufacturers with illegally redeemed coupons.  When a defendant is convicted of conspiracy, a district court's restitution order may encompass all losses resulting from the conspiracy.

983 F.2d at 184.  As we noted on direct appeal of defendant's sentence, the district court's order that defendant pay $100,000 in restitution on the conspiracy count "represented a mere fraction of the victim's loss." United States v. Gabriele, 24 F.3d at 73.  Because defendant's argument is without merit, his counsel's failure to raise the argument in district court was not constitutionally deficient.

-7-

The judgment of the district court is AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court


Mary Beck Briscoe
Circuit Judge