**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 24 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RAYMOND CHARLES BOWES,

      Defendant-Appellant.

No. 98-2278
(D.C. No. CR-98-246-JC)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

Defendant-Appellant Raymond Charles Bowes pled guilty to armed bank robbery in exchange for the government's agreement to dismiss additional firearms charges against him. Bowes appeals, contending that the district court erred in ordering him to pay $2,982 in restitution to the bank that he robbed. We AFFIRM.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# BACKGROUND

On September 5, 1995, Bowes robbed $2,982 from a branch office of the Bank of New Mexico in Albuquerque. In January 1998, government agents, acting on a tip, interviewed Bowes at the Santa Fe Correctional Facility, where Bowes was serving time on stolen vehicle charges. During the interview, Bowes confessed to the September 1995 heist. He later pled guilty to armed bank robbery, in violation of 18 U.S.C. § 2113, in exchange for the government's agreement to dismiss additional related firearms charges.

Bowes' presentence report ("PSR") stated that the Victim and Witness Protection Act of 1982 ("VWPA"), 18 U.S.C, §§ 3663-3664, applied to Bowes' case, and established restitution at $2,982. The PSR noted:

> The [Victim and Witness Protection] Act authorizes the Court to sentence the defendant to pay restitution. The Act further states that the Court in determining whether to order restitution should consider the financial resources of the defendant, his financial needs, and earning ability, and the defendant's dependents.

The PSR documented that Bowes reported no assets or liabilities, but that while incarcerated from 1995 to 1998, Bowes had worked in the prison, earning 80 cents an hour.

On September 21, 1998, Bowes' attorney filed a Sentencing Memorandum, requesting that the court not impose an order of restitution, due to Bowes'

inability to pay. At Bowes' sentencing hearing on September 24, 1998, Bowes' attorney again advised the court that VWPA controlled Bowes' case; that the court was required to find an ability to pay before ordering restitution under VWPA; and that Bowes had no resources or ability to pay.

The district court adopted the findings of the PSR and ordered 100 months' imprisonment. The court then stated:

> Pursuant to the Victim and Witness Protection Act it is further ordered the defendant shall make restitution to the Bank of New Mexico in the amount of $2,982. Payments shall be through the Inmate Financial Responsibility Program while in custody. Any remaining balance shall be paid in monthly installments of $100 to commence within the first 30 days of release from confinement. . . .
> Based on the defendant's lack of financial resources, the Court will not impose a fine nor an additional fine which will pay government costs of any imprisonment or supervised release.

(Tr. vol. II at 6-7.)

## DISCUSSION

We review a district court's factual findings supporting a restitution order for clear error. See United States v. Gabriele, 24 F.3d 68, 72 (10th Cir. 1994). We review the amount of restitution for abuse of discretion. See United States v. Kunzman, 54 F.3d 1522, 1532-33 (10th Cir. 1995).

The parties agree that VWPA governs Bowes' restitution order, as VWPA was the restitution act in effect at the time of Bowes' offense.[1]  Under VWPA, restitution is not mandatory.  Rather, the court, in determining whether to order restitution, shall consider the amount of loss sustained as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, as well as other factors deemed appropriate by the court.  See 18 U.S.C. § 3663(a)(1)(B)(i).  Bowes argues that the record demonstrated that he is indigent, and that the judge erred in failing to make any determination of his financial ability to pay restitution as required under VWPA.

It is clear under VWPA that a restitution order must be consistent with a defendant's ability to pay.  See United States v. Olson, 104 F.3d 1234, 1237 (10th Cir. 1997) (citing United States v. Gilbreath, 9 F.3d 85, 86 (10th Cir. 1993)).  The fact that a defendant lacks financial resources at the time of sentencing is not

---

[1]Although Bowes acknowledges that the VWPA applies to his case, he suggests that the court nevertheless may have mistakenly applied the provisions of the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A. Under MVRA, which applies to criminal conduct that occurred after April 24, 1996, full restitution is mandatory without consideration of a defendant's ability to pay.  We reject Bowes' contention.  Bowes' counsel reminded the court, both in the Sentencing Memorandum and during the sentencing hearing, that the VWPA applied to Bowes' case and that the Act required a showing of Bowes' ability to pay.  The court then specifically stated that it was ordering restitution pursuant to the VWPA.  Any contention that the judge instead applied the mandatory provisions of the MVRA is unfounded speculation.

itself a bar to a restitution order, however.  See id. (citing United States v. Gabriele, 24 F.3d 68, 73 (10th Cir. 1994)).  A restitution order will be upheld if it is supported by at least some evidence that the defendant has either available assets or sufficient earning potential.  See United States v. Williams, 996 F.2d 231, 233 (10th Cir. 1993); United States v. Rogat, 924 F.2d 983, 985 (10th Cir. 1991).  Finally, a sentencing court is not required to make specific findings as to a defendant's ability to pay, provided that sufficient information was available to, and considered by, the court.  See United States v. Kunzman, 54 F.3d 1522, 1532 (10th Cir. 1995); see also Olson, 104 F.3d at 1238 ("'Although advisable to do so, the sentencing judge need not express explicit reliance on each of the mandatory factors.'") (quoting United States v. Clemmons, 48 F.3d 1020, 1023 (7th Cir. 1995)).

In Kunzman, the district court did not make any specific findings as to the defendant's ability to pay the restitution ordered.  See Kunzman, 54 F.3d at 1532.  However, during the sentencing hearing, the court stated that it had considered the presentence report, as well as evidence and testimony at trial.  On appeal, we held that this was sufficient to establish that the district court had considered the information available to it.  See id. at 1532-33.

In Bowes' case, the district court specifically adopted the findings of the PSR.  That PSR showed that Bowes had been employed while in prison during

the preceding three to four years and had earned 80 cents an hour. To pay the ordered $2,982 in restitution within his 100-month sentence, Bowes would need to earn about $29 a month. At 80 cents an hour, Bowes would need to work less than 40 hours a month to meet his restitution payments. As a result, the record before the district court demonstrated that Bowes could earn the restitution money from his prison pay alone if he worked.[2] We have upheld similar restitution orders, taking into consideration a defendant's ability to earn money while incarcerated over a long period of time. See United States v. Coleman, 9 F.3d 1480, 1486 (10th Cir. 1993) ($5,528 over 32 years); Williams, 996 F.2d at 234-35 ($13,000 over 25 years).

The government correctly observes that the cases cited by Bowes finding an abuse of discretion in ordering restitution all involved restitution orders so disproportionate to a defendant's ability to pay that there was no possibility of complying with the order. That is not Bowes' situation.

In short, the district court did not abuse its discretion in ordering Bowes to

---

[2]Bowes does not suggest that he is not able-bodied or otherwise unable to work, nor that insufficient opportunities for work exist at the prison.

pay $2,982 in restitution to the bank over his 100-month sentence.

AFFIRMED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge