**UNITED STATES of America, Plaintiff**

v.

**LAMAS, et al., Defendant(s).**

**Criminal No. 05–432 (JAG).**

United States District Court, D. Puerto Rico.

Dec. 13, 2007.

Julia Díaz–Rex, United States Attorney's Office, San Juan, PR, for Plaintiff.

PHV Luis A. Fors, PHV Rene Palomino, Jr. Miami, FL, for Defendants.

## OPINION AND ORDER

JAY A. GARCIA–GREGORY, District Judge.

Pending before the Court is Defendant Elvine C. Lamas's ("Defendant") pro se Motion requesting a modification of the sentence imposed by this Court. (Docket No. 82). For the reasons set forth below, the Court **DENIES** Defendant's Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 22, 2006, Defendant was found guilty of seventy counts and sentenced to a term of imprisonment of thirty-seven (37) months for each count. In addition, Defendant was ordered to pay restitution to the victims. The restitution was a grand total of $147,000. (Docket No. 49). On November 13, 2007, Defendant sent a letter requesting that this Court modify the sentence imposed by eliminating the restitution that she was ordered to pay. Defendant contends that her restitution penalty should be eliminated because she is unable to pay it. (Docket No. 82).

## STANDARD OF REVIEW

█ A District Court must consider the defendant's financial resources and earning ability in imposing restitution, but the Defendant has the burden of showing his financial resources and needs. 18 U.S.C. § 3664. A District Court adequately considers the defendant's ability to pay if the Defendant's financial information is contained in the presentence report ("PSR"), and the District Court relies on the PSR in issuing its restitution order. *United States v. Hughes,* 211 F.3d 676, 692 (1st Cir.2000); *United States v. Newman,* 49 F.3d 1, 10 (1st Cir.1995); *United States v. Ahmad,* 2 F.3d 245, 246 (7th Cir.1993).

█ In addition, it is important to note that our Circuit Court of Appeals has held that the provision addressing restitution, 18 U.S.C. § 3664, does not require an explicit finding that the defendant has the ability to pay the restitution ordered. *United States v. Hughes,* 211 F.3d 676, 692 (1st Cir.2000); *see also* 18 U.S.C. § 3664; *United States v. Nash,* 115 F.3d 1431, 1442 (9th Cir.1997). A restitution order "must be consistent with a defendant's ability to pay," but a defendant's inability to pay at the time of sentencing "is not itself a bar." *Olson,* 104 F.3d at 1237 (citing *United States v. Gabriele,* 24 F.3d 68, 73 (10th Cir.1994)).

Section 3664 states in pertinent part that: "[i]n each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." The aforementioned statute requires only that the District Court consider the Defendant's financial resource as a factor in arriving at the figure. *See United States v. Lombardi,* 5 F.3d 568, 573 (1st Cir.1993).

█ A restitution order "cannot be based solely on chance," such as the possibility that a defendant might win the lottery but it "will be upheld if the evidence indicates a defendant has some assets or earning potential and thus possibly may be able to pay the amount ordered." *United States v. Hicks,* 1999 WL 1123055, 1999

U.S.App. LEXIS 32146 (10th Cir.1999) (The Court found that Defendant was young and sufficiently educated to acquire employment after release that would allow him to pay restitution.); *United States v. Rogat*, 924 F.2d 983, 985 (10th Cir.1991)(citing *United States v. Mitchell*, 893 F.2d 935, 936 n. 1 (8th Cir.1990)). As such, a possible future ability to pay may also be sufficient to support a restitution order. *See United States v. Brandon*, 17 F.3d 409, 461 (1st Cir.1994)(imposing $500,000 restitution order, even though defendant had no current ability to pay, based on defendant's future prospects of employment); *Lombardi*, 5 F.3d at 573.

## DISCUSSION

In Defendant's case, this Court considered the requisite factors in arriving at the restitution amount. This Court considered and explicitly adopted the findings in the PSR, which included information about Defendant's financial condition, earning ability, and ability to pay. Furthermore, the PSR indicated that Defendant has a sales broker's license with Miami–Dade County in Florida and owns Vitaford Group Corporation, which according to her income tax return, earned a gross income of $44,762. From the foregoing, it can be ascertained that Defendant has the possible future ability to pay. Thus, it was not an abuse of discretion for the Court to impose restitution. As such, Defendant's restitution penalty must stand.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendant's pro se Motion. (Docket No. 82).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13th day of December, 2007.